GkeeN, J.
delivered the opinion of the court.
This is an action brought by the Planters’ Bank against A. B. Bradford, as the endorser of a bill single drawn by W.-B. Miller and payable at the Planters’ Bank at Nashville. Notice of nonpayment was sent to Jackson, Tennessee, in due time. But Bradford had removed his residence from Jackson, to Holly Springs, Mississippi, about five months before the note fell due, and was a resident of Holly Springs at the time said endorsement was made. Bradford was well known in Nashville, and the notary who gave the notice knew him personally; and feeling confident that he knew Bradford’s residence to be at Jackson, he made no enquiries as to his place of abode. He did not know of Bradford’s removal; and Bradford had told him, six *44 teen months before the nqte fell due, that Jackson was his residence. Bradford had resided many years in Jackson, was major-general of militia at the time of his removal, and when he removed, published an address to the people stating his removal to Holly Springs as the cause of his resignation; and the governor published a proclamation, directing an election for a successor. The newspapers containing these publications were received by many persons in Nashville, and by several of the directors of the bank. There.is considerable communication between Nashville and Jackson, the places being distant one hundred and fifty miles, and a tri-weekly mail stage regularly passing between them. Bradford was settled at Holly Springs immediately after his removal from Jackson, as a practicing lawyer, and his residence there was well known in the surrounding country and was known by many persons in Nashville. The court charged the jury, that the holder of negotiable paper must demand payment when it falls due, and forthwith notify the endorser of the nonpayment; that notice sent by mail, addressed to his nearest postoffice, would be sufficient, and that it must be so addressed, unless the holder had a reasonable excuse for not doing so. A reasonable excuse would be, that the endorser had a fixed residence at a particular place, known to the holder or agent, and had removed so recently, or so privately, that such holder or agent could not be reasonably supposed to have notice of his removal; or if the holder or agent used due diligence in making enquiry as to the residence of the endorser, and could not ascertain it, and therefore directed the notice to his last place of residence; that upon these principles the jury must determine whether the holder in this case used due diligence. The jury found for the defendant, and the court refused a new trial, and the plaintiff appealed to this court. The only question now for consideration is, whether the plaintiff used due diligence to give the defendant notice. The defendant’s residence had been at Holly Springs for five months before the note fell due, and that was his domicil at the time he endorsed the note. There has been unusual publicity attending his removal.from Jackson to Holly Springs. He had been a general of militia for the western division of the state, and a proclama *45 tion for the election of a successor was published in the papers, and the election to supply the vacancy occasioned by his resignation had taken place. A popular election, agitating the entire western division of the state, would be likely to attract attention at Nashville, and to elicit enquiries as to the circumstances which brought it about; and this would lead to a knowledge of the resignation and removal of the defendant.
Upon the whole, we think the holder and its agent were culpably negligent in relation to the transmission of notice in this case. The notary had heard the defendant say, sixteen months before the note fell due, that he resided at Jackson, and he acted upon this knowledge without enquiry. Now, if he had not known the residence of the endorser, and had made enquiry of one man only, by whom he had been told that the endorser had lived in Jackson sixteen months previously, but that he knew nothing of him since, and upon such information notice had been sent to the wrong place, no one would hold such enquiry to have been due diligence. But we do not perceive that the case is different, where a party acts upon his own knowledge, which is equally imperfect. It is a reasonable presumption, that men at Nashville, engaged in trade, dealing largely in negotiable paper, protesting many notes and notifying many endorsers, would, under all the circumstances of this case, have been informed in relation to Bradford’s residence; and the failure to obtain such knowledge, is evidence of negligence, the consequence of which they must suffer, rather than that the endorser should bear it, who by reason of that negligence failed to receive notice. Judgment affirmed.